IN THE COURT OF CIVIL APPEALS, THIRD SUPREME JUDICIAL DISTRICT

OF TEXAS, AT AUSTIN

---

FILED
IN SUPREME COURT
OF TEXAS

AUG 2 8 1980

GARSON R JACKSON CLERK
BY_____DEPUT'

NO. 13,209

B 9733

CHARLES G HOOKS, JR , ET UX ,

APPELLANTS

vs.

TEXAS DEPARTMENT OF WATER RESOURCES, ET AL ,

APPELLEES

---

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT

NO 281,885, HONORABLE HUME COFER, JUDGE PRESIDING

---

Appellants, Charles G Hooks, Jr., and Irma Hooks, filed an appeal in the 250th District Court of Travis County, from an order by the Texas Water Commission which granted a waste discharge permit to George H. Musterman, Inc  After a hearing, the court below upheld the action of the Texas Water Commission  It is from the trial court's final judgment that appellants have perfected this appeal

Appellants have brought forward ten points of error complaining of the action of the hearing examiner in admitting into evidence certain written documents which appellants contend are hearsay and in taking  official notice  of certain specific rules and documents published by the Commission

They also protest the sufficiency of the hearing examiner's findings of fact  and the right of the applicant to do business in Texas

Appellants had actual notice of the hearing and prior thereto filed a protest alleging that they owned land adjacent to and downstream from the point of discharge, and that they would be persons affected if the permit were issued Subsequently, the hearing examiner designated appellants as parties "who may be affected by the action that may be taken as a result of the hearing "  Tex. Water Code Ann. § 26.022 (Supp. 1980).

At the hearing before the Commission, appellants objected to the admission of evidence, the action taken by the hearing examiner, the sufficiency of the findings of fact and the legal status of the applicant, but presented only one witness, Charles G. Hooks, III.  He testified that he grew up on the Hooks' tract downstream from the proposed point of waste discharge, that he had been familiar with the Hooks' land for more than 25 years, that his parents were the appellants, Charles G. Hooks, Jr., and Irma K  Hooks, that they presently resided on the Hooks' property which was designated in the map in evidence as "agricultural grazing land", and that he was not at the hearing to personally object to the application

He agreed with the general description of Willow Creek as being a small creek with intermittent flow, meandering through property and heavily wooded along both banks, and that the creek was often dry during the summer months in drought type weather  He stated that his parents did not draw water from the creek but indicated that at times in the past, when cattle had been run on the property, cattle did drink water from it However, he could not state that it was a fairly dependable source of stock water.

The record is completely silent as to how the appellants

- 2 -

might be affected by the issuance of the subject permit There is no evidence of the size of the Hooks' property, the location of appellants' residence in relation to the stream, or what affect, if any, they believed or anticipated the proposed wastewater discharge might have on their agricultural grazing land.

Certainly appellants were proper parties to participate in the permit hearing. The question before this Court is, having participated in the hearing, did they make sufficient showing that they would be affected by the issuance of the permit to give them standing to appeal the Commission's action We hold the record fails to show the appellants had any recognizable "justiciable interest" and, without such interest, they have no standing in the courts.

There is a distinction between the right to participate in an administrative proceeding and the right to a judicial review of final agency action. Stone v Texas Liquor Control Board, 417 S.W 2d 385 (Tex 1967). The necessity of a justiciable interest has long been recognized in obtaining judicial review of administrative action. *See·* Lake Transports, Inc v Railroad Commission of Texas, 505 S W.2d 781 (Tex 1974) Furthermore, as this Court recently pointed out in City of Houston v. Public Utility Commission of Texas, Docket No 13,150 (Tex. Civ App.--Austin, May 21, 1980) (not yet reported), the fact that a party is allowed to participate in an administrative hearing is not conclusive of the issue of a "justiciable interest" for purposes of judicial review of agency action.

Texas Water Code Ann § 5 351 (Supp 1980) provides

"(a) A person *affected* by a ruling, order, decision, or other act of the department may file a petition to review, set aside, modify or suspend the act of the department "

However, the Administrative Procedure Act also applies to actions before the Texas Water Commission Tex Rev Civ

Stat. Ann. art 6252-13a, Section 3(1) (Supp. 1980). Where the Administrative Procedure Act is germane, its provisions are to be harmonized with those of any other applicable statute  City of Houston v  Public Utility Commission of Texas, *supra*;  Robinson v. Bullock, 553 S.W 2d 196 (Tex  Civ. App --Austin 1977, writ ref'd n.r.e )

Accordingly, we hold that Section 5 351 of the Texas Water Code must be read with the judicial review provisions of Article 6252-13a, Section 19(a) which state

> "[a] person . . . who is *aggrieved* by a final decision in a contested case is entitled to judicial review. .    "

It is well established at common law that one may not complain of errors in a judgment which do not affect him injuriously or which merely affect the rights of others. Shell Petroleum Corporation v. Grays, 131 Tex  515, 114 S W 2d 869 (1938)  The right to appeal rests only in an aggrieved party to a lawsuit  McFarling v. Lapham, 489 S W 2d 435 (Tex. Civ  App.--Beaumont 1972, writ ref'd n.r.e.)  As the Legislature did not provide to the contrary in the Water Code or in the Administrative Procedure Act, this jurisdictional rule must be held implicit in Section 5 351 of the Water Code *See:*  City of Houston v  Public Utility Commission, *supra*; Humble Pipe Line Co. v  State, 2 S.W.2d 1018 (Tex  Civ App -- Austin 1928, writ ref'd)

For a party to be aggrieved by the granting of a waste disposal permit, he must allege and show how he has been injured or damaged other than as a member of the general public  There are instances where no special injury is required to be shown  However, to come within one of these categories, the statute must show that the special injury requirement was waived by the Legislature  Scott v  Board of Adjustment, 405 S.W 2d 55 (Tex  1966)  The Water Code contains no such exemption.

The word "aggrieved" refers to a substantial grievance,

a denial of some legal or equitable personal or property right, or the imposition upon a party of a burden or obligation   The mere fact that a person may be hurt in his feelings, or be disappointed over a certain result, or be subject to inconvenience, annoyance, or discomfort, or even expense, does not necessarily constitute a party "aggrieved "  4 C.J S *Appeal & Error* § 183 (1957).

The exact point where a party becomes a "person aggrieved," in an administrative hearing, and thus entitled to judicial review, is far from clear.  This obscurity has resulted from the lack of legislative uniformity in drafting administrative legislation as well as from the proliferation of court decisions engendered by compelling, yet inconsistent, fact situations

The Supreme Court dealt with this inconsistent use of statutory language by the Legislature in City of San Antonio v. Texas Water Commission, 407 S W.2d 752 (Tex. 1966) There, it was claimed that the City had no justiciable interest in the Water Commission's granting of a permit to appropriate water for municipal purposes from the Canyon Dam Reservoir to the City's competitor  At the time of hearing, Section 12 of old Article 7477 (now repealed) provided that "     any person affected by any ruling, order, decision, or other act of the Board . .   may file a petition .     " for review of such action   Section 14 provided that ". .   any party aggrieved by any judgment or order of the district court       shall have the right to a review on appeal. . . ." The Court equated "persons affected" and "persons aggrieved" and held that a party falling in one category also falls in the other.

In City of Frisco v. Texas Water Rights Commission, 579 S.W 2d 66 (Tex. Civ App --Austin 1979, writ ref'd n.r e ), a case which arose in much the same manner as *City of San Antonio,* this Court noted that·

"*To start the judicial machinery in motion,
a plaintiff should be required to assert an
interest of his own,* but once the judicial
machinery is in motion, any party should be
allowed to argue for what he asserts to be
desirable, including the interest of other
parties and the interest of the public "
(Emphasis added.)

Davis, *Administrative Law Treatise* § 22 21, at p 786 (Supp.
1970). We continue to adhere to this principal  The
distinguishing factor in the case at bar is that appellant
has completely failed to plead or show any "interest of his
own "

As has been previously demonstrated, appellants
introduced no evidence at hearing which showed any justiciable
interest.  Likewise, they did not plead or show such interest
at trial

In their "Second Amended Original Petition," the
pleading actually before the trial court below, appellants
merely alleged that "Your plaintiffs own land adjacent,
contiguous and downstream from the land described in the
application for such sewage treatment plant "  This allegation
is also a complete summary of appellants' proof.  There is no
allegation that appellants were "persons affected" by the
issuance of the permit, nor that they were "persons aggrieved"
by the agency's action

Furthermore, we refuse to equate the mere physical
proximity of appellants' lands to the creek as, in itself,
establishing a justiciable interest  "Although the difference
between requiring at least a trivial interest and not requiring
it is a slight one, drawing the line between nothing and some-
thing seems both natural and sound "  Davis, *Administrative Law
Treatise, supra.*

Had appellants shown any "justiciable interest,"
however  trivial, they would be in a completely different
posture in attacking the decision of the agency on the procedural

- 6 -

points raised in their brief. Without some showing that appellants have been affected or aggrieved by the agency's decision, a review of the agency's administrative procedure would clearly be an advisory opinion on how the agency should conduct its business Such opinions are beyond the jurisdiction of the courts of this State. Tex Const art V, § 6, Tex. Rev. Civ Stat. Ann. arts. 1819, 1822 (1964), Morrow v Corbin, 122 Tex. 553, 62 S.W.2d 641 (1933).

It should be noted that appellants do not claim to bring suit for the protection of the general public's right to a procedurally pure administrative hearing, *See:* Yett v. Cook, 115 Tex. 205, 281 S.W. 837 (1926). The Legislature of this State has not been unaware that the public generally is entitled to have their interest protected. Pursuant to this awareness, the Legislature has mandated the creation of "an office of public interest within the department." Tex Water Code Ann. §§ 5 011, 5.181 (Supp 1980)

As the district court was without jurisdiction in this cause, our only course is to reverse the judgment of the district court and render judgment that the cause be, and is, hereby dismissed.

---

Robert O Smith, Associate Justice

Judgment Vacated

Filed July 2, 1980

Chief Justice Phillips not sitting

- 7 -

# Court of Civil Appeals

3rd Supreme Judicial District,
Austin, Texas.

I, _____Mrs Margie Love_____, Clerk of the Court of Civil Appeals of the Third Supreme

Judicial District of the State of Texas, hereby certify that the foregoing_____7_____page s_____

contain_____a true and correct copy of the

Opinion_____

filed in said court on the_____2nd_____day of _____July, 1980_____,

in the following numbered and entitled cause:

CHARLES G  HOOKS, JR , ET UX_____

No._13,209_    vs.

TEXAS DEPARTMENT OF WATER RESOURCES, ET AL._____

on_____appeal_____to said court from_____Travis_____County, Texas.

WITNESS MY HAND and the seal of said Court,

this the_22nd_day of_____August_____, 19_80_

_____MRS  MARGIE LOVE_____

Clerk

By_____Ora Turner_____

Ora Turner,  Deputy

FILED
IN SUPREME COURT
OF TEXAS

AUG 2 8 1980

ARSON R. JACKSON. CLERK

DEPUTY

JUDGMENT RENDERED ON JULY 2, 1980          **B 9733**

CHARLES G. HOOKS, JR., ET UX.

VS.          NO. 13,209

TEXAS DEPARTMENT OF WATER RESOURCES, ET AL.

APPEAL FROM 250TH DISTRICT COURT OF TRAVIS COUNTY

OPINION BY ASSOCIATE JUSTICE SMITH - CHIEF JUSTICE
    PHILLIPS NOT SITTING

- - -

THIS CAUSE came on to be heard on the transcript of the record and same being inspected, because it is the opinion of the Court that the trial court was without jurisdiction to enter the judgment; IT IS THEREFORE considered, adjudged and ordered that the judgment of the trial court be vacated and the appeal dismissed. It is FURTHER ordered that appellees pay all costs in this behalf expended both in this Court and the court below and that this decision be certified below for observance.

- - -

ORDER MADE FEBRUARY 27, 1980

GRANTING MOTION FOR EXTENSION OF TIME TO FILE
    STATEMENT OF FACTS

MOTION #16,627

CAUSE #13,209     Charles G. Hooks, Jr., et ux. v. Texas Department
                  of Water Resources, et al.

                  Appeal from 250th District Court of Travis County

                  Motion for Extension of Time to File Statement
                      of Facts

                  Motion is submitted and granted

- - -

ORDER MADE APRIL 16, 1980

GRANTING APPELLEES' MOTION TO ADVANCE

MOTION #16,707

CAUSE #13,209     Charles G. Hooks, Jr., et ux. v. Texas Department
                  of Water Resources, et al.

                  Appeal from 250th District Court of Travis County

                  Appellees' Motion to Advance

                  Motion is submitted and granted

- - -

ORDER MADE MAY 28, 1980

GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

MOTION #16,764

CAUSE #13,209    Charles G. Hooks, Jr., et ux. v. Texas Department
of Water Resources, et al.

Appeal from 250th District Court of Travis County

Motion for Leave to File Supplemental Brief

Motion is submitted and granted

- - -

ORDER MADE JULY 23, 1980

OVERRULING APPELLANTS' MOTION FOR REHEARING

MOTION #16,860

CAUSE #13,209    Charles G. Hooks, Jr., et ux. v. Texas Department
of Water Resources, et al.

Appeal from 250th District Court of Travis County

Appellants' Motion for Rehearing

Motion is submitted and overruled

- - -

I, Mrs. Margie Love, Clerk of the Court of Civil Appeals for the Third Supreme Judicial District of Texas, at Austin, hereby certify that the foregoing two pages contain a true and correct copy of the JUDGMENT of said Court, its ORDERS on Motions and the respective dates thereof, in Cause No. 13,209, Charles G. Hooks, Jr., et ux. v. Texas Department of Water Resources, et al., on appeal from Travis County, Texas.

WITNESS MY HAND and the seal of said Court at Austin, Texas, this the 22nd day of August, 1980.

MRS. MARGIE LOVE, CLERK

By *Ora Turner*

Ora Turner, Deputy

# CLERK'S OFFICE - Court of Civil Appeals at Austin

CHARLES G. HOOKS, JR., ET UX.

vs.

No. 13,209

TEXAS DEPARTMENT OF WATER RESOURCES, ET AL.

CERTIFIED COPY

## BILL OF COSTS

in the

**COURT OF CIVIL APPEALS, 3rd DISTRICT**

| | | |
|---|---|---|
| Clerk's Fees, Court of Civil Appeals (Rule 388-A) | $ | 25 00 |
| Transcript Fee | | |
| Statement of Facts Fee | | |
| Filing costs were paid by L. A. Greene, Jr., attorney for appellants | | |
| Total $ | | 25 00 |

I, MRS. MARGIE LOVE, Clerk of the Court of Civil Appeals, Third Supreme Judicial District, at Austin, hereby certify that the above copy of Bill of Costs is true and correct.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Austin, this 22nd day of August A. D., 19 80.

MRS. MARGIE LOVE

Clerk.

By _Ora Turner_ , Deputy.